# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
ANTHONY GARCIA,

                Plaintiff,

-against-

SWEETGREEN, INC.

                Defendant
------------------------------------------------------------------X

Index No.:
Date Purchased:

Plaintiff designates: NEW YORK COUNTY as the Place of trial

**SUMMONS**

The basis of the venue is Plaintiff's place of residence in NEW YORK COUNTY

**To the above-named Defendant(s):**

      **YOU ARE HEREBY SUMMONED,** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       April 20, 2021

Yours, etc.,

**SEKENDIZ LAW GROUP P.C.**

By: ___s/Ismail Sekendiz/_____
Ismail S. Sekendiz, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite: 1420
New York, New York 10006
Tel.: (212) 380-8087

Defendant's Address:

(Via Secretary of State)
C/O COGENCY GLOBAL INC.
122 EAST 42ND STREET
18TH FLOOR
NEW YORK, NEW YORK, 10168

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
ANTHONY GARCIA,

    Index No.

**VERIFIED COMPLAINT**

    Plaintiff,

  -against-

SWEETGREEN, INC.

    Defendant.

-------------------------------------------------------------------X
:

    Plaintiff **ANTHONY GARCIA,** by her attorneys, **SEKENDIZ LAW GROUP P.C.**, complaints of Defendants upon information and belief:

1. Plaintiff, **ANTHONY GARCIA**, (hereinafter also referred to as "Plaintiff" complains pursuant to the laws of the State and City of New York seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated, and emotionally distressed by the Defendants on the basis of his sexual orientation.

2. Plaintiff is a resident of the County of New York, State of New York.

3. At all times material, Defendant SWEETGREEN, INC. (hereinafter referred to as "SWEETGREEN") is a Delaware corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

4. Defendant SWEETGREEN has an office located at 3000 S. Robertson Blvd 3rd Floor Culver City, CA 90034

5. Defendant SWEETGREEN operates a business at 2937 Broadway, New York, NY 10025.

3

6. Upon information and belief, SWEETGREEN is an American fast casual restaurant chain that serves salads. It had operation in eight states across the United States, including California, Colorado, Illinois, Massachusetts, New York, Maryland, Pennsylvania, Virginia, Texas, and the District of Columbia.

7. SWEETGREEN has over 3,500 employees.

8. Plaintiff was an employee of SWEETGREEN.

9. The defendant SWEETGREEN had authority to hire and fire Plaintiff.

10. The defendant SWEETGREEN had authority to demote or promote Plaintiff.

11. The defendant SWEETGREEN had authority to discipline Plaintiff.

12. The defendant SWEETGREEN had authority to determine Plaintiff's pay rate.

13. The defendant SWEETGREEN had authority to supervise Plaintiff.

14. Vladimir Suero was and still a resident of New York.

15. Vladimir Suero was an employee of the defendant.

16. Vladimir Suero was Plaintiff's co-worker.

17. Vladimir Suero was Plaintiff's subordinate.

18. Ashley Xiao is an individual who resides in the State of New York.

19. Ashley Xiao was an employee of the defendant.

20. Ashley Xiao was a three-strip captain.

21. Ashley Xiao had authority to supervise Plaintiff.

22. Ashley Xiao had authority to discipline Plaintiff.

23. Ashley Xiao had authority to demote, promote Plaintiff.

24. Ashley Xiao had authority to cause Plaintiff to be fired.

25. Manuel Pichardo is an individual who resides in the State of New York.

4

26. Manuel Pichardo was an employee of the defendant.

27. Manuel Pichardo was a kitchen captain.

28. Luis Hernandez is an individual who resides in the State of New York.

29. Luis Hernandez was an employee of the defendant.

30. Luis Hernandez was a three-strip captain.

31. Luis Hernandez had authority to supervise Plaintiff.

32. Luis Hernandez had authority to discipline Plaintiff.

33. Luis Hernandez had authority to demote, promote Plaintiff.

34. Luis Hernandez had authority to cause Plaintiff to be fired.

35. Christian Diaz is an individual who resides in the State of New York.

36. Christian Diaz was an employee of the defendant.

37. Christian Diaz was a head coach.

38. Christian Diaz had authority to supervise Plaintiff.

39. Christian Diaz had authority to discipline Plaintiff.

40. Christian Diaz had authority to demote, promote Plaintiff.

41. Christian Diaz had authority to fire Plaintiff.

42. Elizabeth Gilahuanco was an employee of the defendant.

43. Elizabeth Gilahuanco was a area leader employed by the defendant.

44. Elizabeth Gilahuanco had authority to supervise Plaintiff.

45. Elizabeth Gilahuanco had authority to discipline Plaintiff.

46. Elizabeth Gilahuanco had authority to demote, promote Plaintiff.

47. Elizabeth Gilahuanco had authority to fire Plaintiff.

## MATERIAL FACTS

48. Plaintiff is gay.

49. Plaintiff qualified for the position.

50. Plaintiff's work performance was above average.

51. On or about July 9, 2019, Plaintiff started working for the Defendant as a service captain trainee.

52. Plaintiff's pay rate was $15.50.

53. Plaintiff's last job title was Service captain manager in training.

54. Plaintiff's job location was 2937 Broadway, New York, NY 10025.

55. On or about January 6, 2021 Plaintiff asked Anthony Vladimir Suero to clean up garbage and move some of the boxes and Vladimir Suero responded, " That's not my job" in an angry tone." Plaintiff replied "That's in your job description" calmly. Vladimir Suero then started calling Plaintiff a "Bitch", "Gay", "Faggot", and then added "Who the fuck is this gay Bitch talking to?" Plaintiff was disgusted and became very upset due to discriminatory and abusive language Vladimir Suarez used. However, Vladimir Suarez did not stop. He continued making derogatory comments indicating "There is too much gay stuff going around here." Vladimir Suarez also made a threat to Plaintiff by indicating "Friday Me and You After Hours Watch!" During the whole incident, Ashley Xiao, three strip captain, who had supervisory authority over both Plaintiff and Vladimir Suarez, was on the computer and did not make any effort to stop the incident. Ashley Xiao acted as if nothing was going on.  Subsequently Plaintiff went upstairs to get kale for work related reasons.  Vladimir Suero and Luis Hernandez were also upstairs. When Plaintiff said "Excuse me I need some Kale" Vladimir Suero aggressively pointed at

6

Plaintiff while speaking to Luis Hernandez walked towards Plaintiff, got into the Plaintiff's face, physically shoving his shoulder and pushing his finger into Plaintiff's shoulder preventing Plaintiff from going back to downstairs. Luis Hernandez pushed Vladimir Suarez back towards his dish station telling him to relax and Plaintiff was able to go back to downstairs. Nevertheless, Luis Hernandez was giggling when Vladimir Suarez were calling Plaintiff "Gay, "Bitch" and "Faggot."

56. Thereafter, Plaintiff called Christian Diaz, his head coach to inform him of the incident and Christian Diaz asked Plaintiff to call the Human Resources to inform them of the incident, which Plaintiff complied. During that time Vladimir Suarez was still calling Plaintiff a "Faggot."

57. On or about January 7, 2021, Plaintiff send an email to Elizabeth Gilahuanco of the defendant's human resources and requested a transfer to another location for safety reasons.

58. On or about January 8, 2021, defendant terminated Vladimir Suarez and Plaintiff returned to work. However, Chris Diaz, Plaintiff's head coach, started following Plaintiff closely to find an excuse to terminate him.

59. On or about January 25, 2021, Plaintiff was terminated from his position for allegedly not punching out and or otherwise obtaining Plaintiff's supervisor's permission before going on a break, which allegedly occurred on January 18, 2021.

60. Defendant's reason to terminate Plaintiff was a pretext due to the fact that there were many employees who came to work late or otherwise failed to punch out before going on a break as well as failing to obtain their supervisor's permission before leaving for a break and none of them were terminated from their positions. In fact, some these

7

employees were not even written up. The names of some the employees, who came to work late or otherwise failed to punch out before taking a break without any disciplinary action taken against them are as follows Marisol, Jessica, Luis, and Aissata.

61. In or around September of 2020, Christian Diaz, became Plaintiff's head coach. A month later, in or around December of 2020, Christina Diaz wrote Plaintiff up for allegedly coming in late. Plaintiff alleges that Christian Diaz did not like Plaintiff because Plaintiff is gay. More specifically, Christian Diaz gave Plaintiff work which was not considered within Plaintiff's work description and promoted another employee to Captain position when Plaintiff had more experience and better credentials than Ashley.

62. The defendant would not have terminated Plaintiff from his position but for the discrimination compliant he filed.

63. The defendant would not have written up Plaintiff but for the fact that he is gay.

64. Upon information and belief Defendant knew Vladimir Suarez' dangerous propensity in that Vladimir Suarez previously sexually harassed a female employee at work. Defendant took no action to stop Vladimir Suarez.

65. Defendant failed to take appropriate action regarding the unlawful conduct mentioned herein.

66. Plaintiff has suffered numerous emotional injuries as a result of Defendant's conduct.

67. Plaintiff was subjected to such hostile conditions that no reasonable person in Plaintiff's shoes would be expected to tolerate.

68. Defendant treated Plaintiff differently because of his sexual orientation.

69. Plaintiff has been unlawfully discriminated against, was humiliated, has been degraded and belittled; and as a result, suffers loss of civil rights, emotional distress, loss of

income, earnings, and benefits.

70. Plaintiff's situation at the job was intolerable as a result of the discrimination to which he was subjected.

71. Defendant's actions and conduct were intentional and intended to harm the Plaintiff.

72. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

73. As a result of the Defendant's discriminatory and intolerable treatment of Plaintiff, he suffered severe emotional distress and physical ailments.

74. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

75. As a result of the above Plaintiff has been damaged in the amount in excess of the jurisdiction of all lower courts.

76. As Defendant's conduct has been willful, outrageous, malicious, Plaintiff also demanded punitive damages against the Defendant.

77. The above are just some of the offensive and unlawful conduct by Defendant and are stated by way of example.

78. Defendant had a pattern and practice of discrimination.

79. Plaintiff's sexual orientation was apparent to his coworkers, supervisors, and managers due to the way Plaintiff presented himself when talking and walking.

9

80. Defendant had a policy of discrimination against gay employees.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW

81. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

82. Executive Law § 296 provides that "1. It shall be an unlawfully discrimination practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, **sex**, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

83. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his sexual orientation

84. The defendant violated this section.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

86. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

87. "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

88. Defendant engaged in an unlawful discriminatory practice by failing to hire, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the

10

unlawful employment practices of defendant.

89. The defendant violated this section.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

90. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

91. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

92. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her sexual orientation.

93. The defendant violated the above section.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

94. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

95. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice:

96. ""It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter (iii) ……"

97. All defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

98. The defendant violated this section.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

99. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

100. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
    (1) the employee or agent exercised managerial or supervisory responsibility; or
    (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective

12

action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

101. The Defendant violated the section cited herein as set forth.

## INJURY AND DAMAGES

102. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by state common law, New York State Executive Law §296 et. Seq. and The New York City Administrative Code Title 8, §8-107 et. Seq.; and that the Defendants discriminated against Plaintiff on the basis of sexual orientation.

B. Awarding damages to the Plaintiff, retroactive to the date of failure to hire, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendant's unlawful cease

of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff Demands a Jury of all issues to be tried.

Dated: New York, New York
April 20, 2021

Yours,

**SEKENDIZ LAW GROUP P.C.**

By: __s/Ismail Sekendiz/_____
Ismail S. Sekendiz, Esq.
*Attorneys for Plaintiff*
45 Broadway
New York, New York 10006
Tel.: (212) 380-8087

14

INDIVIDUAL VERIFICATION

STATE OF NEW YORK      }
                       } ss.
COUNTY OF NEW YORK     }

I, Anthony G, being duly sworn, depose and say;

I am the plaintiff in the within action and am over the age of eighteen years;

I have read the foregoing COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The grounds of my belief as to matters not stated upon my own knowledge are as follows: I am the plaintiff in the within action, investigation and conversation with my attorneys.

Anthony G
_____

Sworn to before me on this
16th day of April 2021

_____
Notary Public/State of New York

ISMAIL SINAN SEKENDIZ
Notary Public State of New York
Qualified in Suffolk County
Certificate filed in New York County
Registration No: 02SE6320907
Commission Expires March 9, 2023

Index: Number:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------X
ANTHONY GARCIA,

                       Plaintiff,

    -against-

SWEETGREEN, INC.

                       Defendant.
---------------------------------------------------------------------X

-----------------------------------------------------------------------------------------------------------------
**SUMMONS & COMPLAINT**
-----------------------------------------------------------------------------------------------------------------

SEKENDIZ LAW GROUP P.C.
*Attorneys for Plaintiff*
45 Broadway Suite: 1420
New York, New York 10006
Tel.: (212) 380-8087

15